IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JASON MACHADO MORALES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL NO. 05-1074(JAF)<br>Criminal No. 01-379 (JAF) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On January 2, 2005, above petitioner filed a motion and affidavit in support of a 28 U.S.C. § 2255 petition seeking to vacate his sentence after he had entered a change of plea to counts one (1) and nine (9) of a Superseding Indictment for conspiracy to violate 21 U.S.C. §841(a)(1) and possession of a firearm in furtherance of a drug trafficking offense as charged under 18 U.S.C. §924(c)(1)(A) **(Civil No. 05-1074, Docket No. 1, 8; Criminal No. 01-379 Docket No. 86 ).** He was thereafter sentenced to sixty (60) months of incarceration for the drug charges and consecutive sixty (60) months for the firearm offense, supervised release terms of four and three years, respectively, to be served consecutive, and a special monetary assessment of two hundred dollars ($200.00). On March 17, 2005, the § 2255 petition was referred to this Magistrate Judge for report and recommendation. (**Civil No. 05-1074, Docket No. 3**).

Petitioner submits in his §2255 petition claims of ineffective assistance because at all times he informed his counsel he was willing to plead guilty to the drug charges but wished to

fight the gun charge because he was legally innocent. Upon receiving the last government's offer of ten (10) years of imprisonment, he reluctantly agreed. Petitioner claims he is legally innocent of the firearm offense because the government needed to prove beyond reasonable doubt a nexus between the weapon and the predicate drug offense. It is petitioner's contention his legal research after he had entered his plea showed the government turned no evidence to show he was a hit man or an enforcer in the drug organization.

## PROCEDURAL BACKGROUND

On November 6, 2001, petitioner was indicted, together with a number of other co-defendants, in several counts of a Superseding Indictment[1] charging in Count One a conspiracy to possess approximately 2,776 kilograms of cocaine with intent to distribute, as prohibited by Title 21, United States Code 841(a)(1), in violation of 21 U.S.C. § 846.[2] He was also charged in Count Nine with possession of a firearm, a Glock Model 27, 40 Caliber Pistol, in relation to a drug trafficking offense, a violation to 18 U.S.C. §924(c)(1)(A). The statutory penalty for the violation of Count One was a maximum term of life imprisonment and a mandatory term of no less than ten (10) years. As to Count Nine, the mandatory statutory penalty is five (5) years consecutive to any other term of incarceration.

---

[1] Petitioner was charged in Counts one (1), nine (9) and ten (10). Count 10 was subsequently dismissed and charged a violation of 18 U.S.C. §922(k) in relation to possession of a firearm with obliterated serial number.

[2] 21 U.S.C. §846. Attempt and conspiracy
    Any person who attempts or conspires to commit any offense defined in this subchapter shall
    be subject to the same penalties as those prescribed for the offense, the commission of which
    was the object of the attempt or conspiracy.

On June 28, 2002, petitioner entered a plea of guilty pursuant to a government's plea offer to the drug conspiracy and the firearm offense included in Counts One and Nine. The Rule 11 hearing was entertained by the Court. Pursuant to the plea agreement, the parties stipulated petitioner would be accountable for at least 500 grams but less than 2 kilograms of cocaine, for a Base Offense Level of twenty six (26). Granting a three (3) point reduction for acceptance of responsibility, the Total Offense Level was twenty three (23). The Court at the time of sentencing followed the government's recommendation of sixty (60) months for Count One and consecutive mandatory sixty (60) months for Count Nine. As such, on November 8, 2002, petitioner was sentenced in accordance with his plea agreement.

At the time of sentencing, November 8, 2002, counsel indicated to the court petitioner's position that the facts of the case did not legally amount to a violation of 18 U.S.C. §924(c) and had requested to withdraw his guilty plea. The weapon had been found hidden in the bedroom apart from a small amount of drugs (Transcript 11-8-2002, p. 3). Counsel further argued having explained to petitioner, after a legal research, that there was no legal basis to file the motion to withdraw his plea as he had requested. Furthermore, the government was not in a position to grant him a plea as to one count and not the other, for which petitioner at that time accepted the sentence in accordance with the plea agreement (*Id*. p. 4). Counsel emphasized for purposes of sentence the government did not turn any evidence that petitioner had been a hit man or enforcer for the narcotic trafficking organization (*Id.*). Shortly thereafter, at the time of petitioner's allocution, he made no mention to the firearm charge nor to withdrawal of his plea (*Id*. pp. 5-6). As such, petitioner benefitted from a considerable reduction in the amount

of drugs attributed to him under the conspiracy and dismissal of the charge related to a firearm with obliterated serial number. The government limited its argument and requested from the Court to follow the recommendation as to sentence as discussed in the parties' written plea agreement.

A notice of appeal was filed by appointed appellate counsel challenging solely the term of supervised release. The substance abuse treatment as conditions of supervised release and drug testing conditions were subsequently vacated by the Court of Appeals.

Petitioner submits in his post-conviction relief motion counsel was ineffective for advising him to plead guilty to Count Nine (9), related to the possession of the firearm in furtherance of a drug trafficking offense, because he was legally innocent of this charge. It is petitioner's contention the government could not have established the required nexus between the gun found in his bedroom closet with the drug trafficking crime, and mere possession of a firearm on the same premises as a drug transaction would not have sustained his conviction. Petitioner further avers that since he had informed counsel after the plea and prior to his sentencing hearing that the facts of the case would not legally amount to a violation of Section 924(c) and trial counsel failed to request that the plea be withdrawn, as well as appellate counsel failed to submit same on appeal, ineffective assistance would warrant a §2255 relief.

## LEGAL ANALYSIS

**I.  The Conviction under 18 U.S.C. §924(c).**

The statute of conviction under 18 U.S.C. §924(C)(1)(A) makes it unlawful for any

Jason Machado Morales v. U.S.
Civil No. 05-1074 (JAF)
Criminal No. 01-379 (JAF)
Report & Recommendation
Page No. 5

person, during and in relation to a drug-trafficking crime, to use, carry, or possess a firearm.[3]

Petitioner's allegations of legal innocence and his claim counsel was ineffective for not attempting to withdraw his plea on those grounds are predicated on his interpretation of case law from other districts as to the nexus to be established by the government in relation with the firearm and the underlying offense.

Congress amended 18 U.S.C. § 924(c)(1)(A) in 1998 to preserve a mandatory minimum consecutive sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime ... for which the person may be prosecuted in a court of the United States, ... in furtherance of any such crime, possesses a firearm...." Pub.L. 105-386, 112 Stat. 3469 (1998) (codified at 18 U.S.C. § 924(c)(1)(A)). This amendment responded to Bailey v. United States, 516 U.S. 137, 150, 116 S.Ct. 501 (1995), wherein the Supreme Court held that under the prior version of the statute, "the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." In Bailey, the firearm charged under §924(c) was a loaded pistol inside a bag in the locked car trunk of a defendant who was arrested for possession of cocaine found in the car's passenger compartment. As to the use of the firearm in violation of the statute, the Supreme Court reversed the D.C. Circuit

---

[3] **18 U.S.C. 924(c)(1)(A) provides:**
Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, **any person who, during and in relation to any crime of violence or drug trafficking crime** (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, **possesses a firearm**, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – (9) be sentenced to a term of imprisonment of not less than 5 years; (emphasis supplied).

Case 3:05-cv-01074-JAF   Document 9   Filed 05/24/05   Page 6 of 13

Jason Machado Morales v. U.S.
Civil No. 05-1074 (JAF)
Criminal No. 01-379 (JAF)
Report & Recommendation
Page No. 6

holding that a defendant who passively stores a firearm for later use cannot be considered to be using or carrying a firearm under §924(c), thus rejecting the lower court standard of accessibility and proximity of the firearm sufficient. The Highest Court found Congress had not intended possession alone to trigger liability under the pre-Bailey §924(c) version. In conclusion, the earlier versions of the statute criminalized the use and carrying of a firearm but not its possession.

Thus, Congress enacted amendments thereafter in light of Bailey to ascertain the language of possession of firearms be considered together with the use and carrying language of the §924(c) statute even when such a firearm was not brandished or actively use, but required that such possession be not merely peripheral to the delineated crimes. Towards such purpose, it added the limiting words that the possession of the firearm be in furtherance of the crime of violence or drug activities. *See* Pub.L. No. 105-386, 112 Stat. 3469. Bearing that in mind, the first claim of herein petitioner would be correct in that mere presence of firearm in the scene of a crime of violence or drug activities would neither be penalized if the in furtherance intention is not present. However, firearms that furthers, advances, or helps forward the drug trafficking offense fall under §924(c) statute as amended in 1998.

The First Circuit Court of Appeals has ruled the presence of a gun, in close proximity to the drugs, justified an inference it was possessed in connection with the ongoing drug-trafficking operation. *See, e.g.*, United States v. Carlos Cruz, 352 F.3d 499, 509 (1st Cir. 2003); United States v. Luciano, 329 F.3d 1, 6 (1st Cir. 2003). This is true regardless of whether

the weapon was being carried on the appellant's person or was located within easy reach. *See* United States v. Negrón-Narváez, 2005 WL 779851 (1st Cir. 2005). In the instant case, the firearm was located in petitioner's bedroom where also a small amount of drugs, crack cocaine, packed for resale was found upon the execution of a search warrant.

Rule 11 of the Federal Rules of Criminal Procedure ensures that a defendant who pleads guilty does so with an "understanding of the nature of the charge and the consequences of his plea." McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166 (1969). The transcript of the change of plea hearing clearly shows petitioner's admission as to the firearm and of the necessary elements for such an offense. Petitioner's statements were voluntary, knowing, and with full knowledge of the consequences of such plea, and may constitute a sufficient factual basis to allow the district court to accept the proffered plea. The transcript clearly shows petitioner affirmatively accepted the presiding judge's inquiry as to his participation in the offense.[4] *See* United States v. Cheal, 389 F.3d 35, 43 (1st Cir. 2004) (holding that a defendant's admissions are sufficient to ground the requisite factual basis).

Additionally, an attorney's statements in open court constituted adoptive admissions attributable to defendant. *See* United States v. Paulino, 13 F.3d 20, 24 (1st Cir. 1994); United States v. Fortes, 619 F.2d 108, 115 (1st Cir.1980). The transcripts of proceedings both at the Rule 11 hearing in this case and during sentencing further indicate petitioner was at the time satisfied with his attorney and was fully aware of the charges as to Count 9. The Court

---

[4] "So you are accepting your involvement in this conspiracy and you are accepting that you possessed this firearm during the commission of this drug trafficking offense, correct?" Transcript 6-28-2002, p 16.

addressed petitioner in particular as to the firearm count.[5]

In reviewing Rule 11 challenges, we "review the totality of the circumstances of the hearing." United States v. Hoyle, 237 F.3d 1, 7 (1st Cir.2001). "What is critical is the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant, rather than the form of the communication." United States v. Cotal-Crespo, 47 F.3d 1, 4-5 (1st Cir.1995). By responding to another person's explanation of what happened a defendant may indeed establish the factual basis needed to a guilty plea. *See, e.g.*, United States v. Japa, 994 F.2d 899, 902-03 (1st Cir.1993).

As to the underlying issue of compliance with the Rule, "[o]n a plea, the question under Rule 11(f) [now Rule 11(b)(3) ] is not whether a jury would, or even would be likely, to convict: it is whether there is enough evidence so that the plea has a rational basis in facts that the defendant concedes or that the government proffers as supported by credible evidence." United States v. Gandía-Maysonet, 227 F.3d 1, 6 (1st Cir.2000). In this §2255 petition, no core Rule 11 concern has been raised nor is present in this petitioner's request for post-conviction relief, solely a claim of legal innocence based on petitioner's afterthought and understanding of what the government should have established at trial.

The description of the offense in the presentence report, which was available to petitioner and his counsel, also refers to the possession of the one Glock Model 27, 40 caliber pistol,

---

[5] "... as you were a member of this conspiracy, in other words, while you were committing a drug trafficking offense you possessed a Glock 40 caliber pistol during and in relation to the drug trafficking crime that you were committing. Do you understand that?" Transcript 6-28-2002, p. 8.
 "... When they searched your home they found the firearm, the Glock. This had a number. They also found s small quantity of crack cocaine that was packed for resale in 10 plastic vials." *Id*. 15-16.

during and in relation to a drug trafficking crime, to wit: possession with intent to distribute a detectable amount of cocaine base (crack cocaine), a Schedule II Narcotic Drug Controlled Substance.[6]

Factors assessed by a court as to possession of a firearm in furtherance of the underlying drug offense, would consider the type of drug activity being conducted, the accessibility of the weapon, the type of weapon, whether it is one that is stolen, or as in the instant case, with obliterated serial number, the status of its possession, legally or not, if it is loaded, its proximity to drugs or drug proceeds, and the time and circumstances under which the gun was found. *See* United States v. Ceballos Torres, 218 F.3d 409, 414-415 (5th Cir. 2000) (cited with approval by the First Circuit Court of Appeals in United States v. Carlos Cruz and United States v. Luciano). A firearm under the circumstances of Ceballo Torres could reasonably provide protection to drug deals or its proceeds.

However, the examination of all the available evidence of record shows in petitioner's case there was a factual basis for his plea as to the firearm offense, as clearly stated by his admissions and adoption of counsel's statement during his change of plea and sentencing proceedings. Since there is no allegation or controversy as to the propriety of petitioner's Rule 11 proceeding, his request for post-conviction relief based on his interpretation of legal innocence, is insufficient and subject to dismissal.

---

[6] This reference to crack cocaine seems to be a clerical error since Count One refers to cocaine and not to the crack cocaine that was found in defendant's bedroom, thus the furtherance provision of the firearm herein would not relate to an offense not charged in the Superseding Indictment.

## II.  Ineffective Assistance of Counsel

Petitioner herein also avers he is entitled to post-conviction relief because of ineffective assistance of counsel for failure to present the issues he now claims both in a motion to withdraw his plea and in his appeal. The claim of ineffective assistance of counsel should first address whether petitioner complies with the requisites in Strickland v. Washington[7].

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

As previously discussed, counsel addressed the court at the time of sentencing regarding petitioner's position on the firearm charge and indicated the reasons why the motion to withdraw plea had not been filed. Petitioner acquiesced by not prompting at the time of allocution any argument that would contradict his counsel's averment or that would have

---

[7] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

hindered the benefits of his plea and the resulting sentence.[8] Since the government would not have offered a plea solely as to the drug charge, petitioner further benefitted from the government's fulfillment with the plea agreement, notwithstanding fully disclosed evidence as to his active participation in the drug trafficking conspiracy, either through the visas of his frequent visits to the Dominican Republic, recorded conversations of his drug deals, telephone records, and the drug ledgers that were found in the home of other codefendants that reflected money transactions with petitioner.[9] Under Strickland v. Washington, 466 U.S. at 688 counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

Petitioner did not present to the District Court, either in written form or during his sentence allocution, a request to withdraw his plea nor has he now alleged the plea was not voluntary, for which nothing wrong was claimed as to the Rule 11 colloquy. Thus, based not only on petitioner's own admissions during the Rule 11 proceeding and the sentencing court statements there is ample evidence to sustain a factual basis for the firearm offense and counsel was not ineffective for not requesting to withdraw same. The same would apply as to his counsel not filing on appeal a request that petitioner be allowed to withdraw his plea as to the

---

[8] Given that petitioner, after consultation with counsel, acknowledged by agreeing with his attorney's statement, constituted "adoptive admissions" attributable to the petitioner. Negrón Narváez, 2005 WL 779851.

[9] As indicated in the presentence report, the amount of drugs stipulated between the parties would entail a statutory maximum term of imprisonment of forty (40) years and a minimum term of five (5).

Jason Machado Morales v. U.S.
Civil No. 05-1074 (JAF)
Criminal No. 01-379 (JAF)
Report & Recommendation
Page No. 12

firearm charge since a petitioner does not have an absolute right to withdraw a guilty plea. United States v. Gonzalez-Vazquez, 34 F.3d 19, 22 (1st Cir. 1994). A defendant needs to convince the court, in order to withdraw his plea prior to sentence, that a "fair and just reason" for withdrawing the plea exists. United States v. Pellerito, 878 F.2d 1535, 1537 (1st Cir. 1989). Petitioner's assertion of a presumed legal innocence supported by his interpretation of case law from other circuit courts in relation to §924(c)(1)(A) offenses, serves no purpose to foster withdrawal of his legal, voluntary, sufficient and knowing plea to this charge. Petitioner should also submit there is a reasonable probability that but for such error, he would not have entered his plea. United States v. Domínguez Benítez, __ U.S. __ , 124 S.Ct. 2333, 2336 (2004). Petitioner's own admissions may be summarized in that he reluctantly accepted the government's last offer and that he believes to be legally, not actually, innocent of the offense.

From a perusal of the criminal record, the Rule 11 transcript, and the sentencing proceedings, this Magistrate Judge cannot find defense counsel's performance, at the change of plea hearing or on appeal, was unreasonable, there being no additional factual determinations to be made which would require an evidentiary hearing.

The petition should be denied on the grounds above discussed.[10]

---

[10] A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.

Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (quoting Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). See United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225- 26 (1st Cir. 1993).

As discussed herein above, petitioner has not established merits to his post-conviction motion. Accordingly, petitioner is not entitled to an evidentiary hearing.

# CONCLUSION

It is recommended that petitioner's §2255 motion for post-conviction relief be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 24th day of May 2005.

                                                    s/ CAMILLE L. VELEZ-RIVE
                                                      CAMILLE L. VELEZ-RIVE
                                                      UNITED STATES MAGISTRATE JUDGE